# NELL M. ERWIN

*v.*

# MANUEL FERNANDEZ NATER.

San Juan, Law, No. 850.

ON MOTION FOR NEW TRIAL.

Federal Court—Local Practice.
 1. The Federal court is bound to follow local law under Revised Statutes, § 914, U. S. Comp. Stat. 1901, p. 684, and "as far as may be" the decisions of local courts upon local matters.

Same—Exceptions.
 2. An exception to this principle, however, is where the Federal practice has regard to the jury, which does not obtain under the local law. Jury practice, being a common-law system, must be carried out under common-law rules.

*Non Obstante Veredicto*—Power of Court.
 3. The Federal court has no power to set aside the verdict of a jury, and proceed to give judgment *non obstante veredicto*. The power of the court is limited as to sending the case back to another jury for a new trial.

New Trial—Limited Issues.
 4. In a case where there is no dispute as to certain facts, and it would be hardship, on account of absence of witnesses or otherwise, to compel the party on a new trial to prove these facts, the court will, upon granting a new trial, restrict the issues so as to avoid retrying the issues so undisputed.

New Trial—Sympathy of Juries.
 5. Where it appears clearly to the court that a verdict of the jury was induced by sympathy, no matter how caused, a new trial may in its discretion be granted.

New Trial—When Granted.
 6. The fact that a court may differ from the view of the jury will

Erwin v. Nater.

not be reason for setting aside the verdict, unless the court is convinced that the jury was clearly wrong.

Opinion filed February 14, 1914.

*Messrs. E. B. Wilcox* and *N. B. K. Pettingill* for plaintiff.

*Messrs. Joseph Anderson, Jr.,* and *O. M. Wood* for defendant.

HAMILTON, Judge, delivered the following opinion:

This case comes up upon a motion filed in a double aspect; in the first place for a judgment *non obstante veredicto,* and, in case that is not agreed to by the court, for a new trial. The court has heard the argument with a great deal of interest,— more especially as the matter grows out of some unusual conditions in practice, and it would probably be just as well for the court to give its views now. I think the matter is before me about as fully as it could be on further research.

The case was influenced by a demurrer to the evidence filed by the defendant, and the court is satisfied that, if it committed any mistake at all in what it did on the demurrer to the evidence, it was one that was favorable to the defendant. A demurrer to the evidence is not often used these days, but, when invoked, of course the court has to pass upon it. Strictly speaking, a demurrer to the evidence puts the case in the hands of the court and withdraws it from the jury. In this particular instance the court adopted another course. While it could have

Erwin v. Nater.

decided the case and taken it from the jury, it preferred to leave the issue to the jury. This by way of introduction.

The motion is now made that the court proceed to do what it could have done under the demurrer to the evidence; that is, render judgment without regard to the action of the jury. The objection, on the other hand, is made that this court in Porto Rico has no power to render such a judgment because there is no local law authorizing it. It is conceded that if there was a local law, the conformity statute (Rev. Stat. § 914, U. S. Comp. Stat. 1901, p. 684), would permit the court to do this, but it is contended that, because there is no such local statute, the court has not this right.

1. That itself raises a question which ought to be settled once for all. This court has more than once decided points connected with the question, and it might be well to say, in defending what is the principle upon which this court acts, that the court expresses its willingness and intention in all proper cases to be guided by the law of Porto Rico. It is bound to do so under § 914, and, in fact, under another § 721, U. S. Comp. Stat. 1901, p. 581, it is bound by the decisions of the local court upon local matters. This court has no wish whatever to depart from that very salutary rule which prevents lawyers and litigants from having to consider two different sets of questions of procedure. But there are some limitations to the rule. Section 914 simply says that the Federal court shall conform to the local procedure and practice, etc., as far as may be. It is not absolutely mandatory. It has been so held in a number of Federal cases, and it is particularly true here in Porto Rico, where the local law as to practice is not built upon the jury

system except in criminal cases,—and they are not to be taken into account just now.

2. A number of cases could be cited which I think substantiate the view that so far as relates to the conduct of a trial before a jury in this court the local law of Porto Rico is not binding. The foundation is so different that this court would have to follow the practice and procedure that obtains in district courts of the United States acting under the common law. The jury practice, being a common-law system, can only be carried out under common-law rules. This may apply in some respects to the local law of evidence,—how far need not be decided right now. And it applies in a great many points.

3. This brings up the question as to the right to render a verdict *non obstante veredicto.* If that point stood alone, it is very probable the court would consider it had a right to render such a judgment. Of course I am not saying it would in this particular case. But there has been a recent decision of the Supreme Court of the United States that may not be familiar to the bar at large, which impels, if not compels, the court in no case to render such a judgment. It is the case of Slocum v. New York L. Ins. Co. 228 U. S. 364, 57 L. ed. 879, 33 Sup. Ct. Rep. 523.

That brings up this very interesting fact. The decision was by a divided court, as equally divided as that court could be. The dissenting opinion is a very able one rendered by Mr. Justice Hughes, and is very persuasive, but at the same time it is not the view of the court taken as a whole. In Pennsylvania, where the case arose, there is a local law permitting the court to submit the case to the jury and receive a verdict, reserving some law point involved, thus giving the court the right after-

wards, if it thinks that that point has been improperly passed on in the verdict of the jury, to set aside the verdict of the jury and proceed to give judgment in effect *non obstante veredicto.* Mr. Justice Hughes argued very forcibly that this is nothing but the *non obstante veredicto* right which common-law courts have long exercised, but the majority of the court—and of course that is the court—decided that the 7th Amendment of the Constitution of the United States takes away from Federal courts the power to render a judgment which will reverse the decision of the jury, and substitute the decision of the court. itself upon the facts.

The 7th Amendment to the Constitution says that a jury trial shall be preserved with its full effect at common law, except in admiralty and equity.   The dissenting opinion points out that this may bring about great conflict with local decisions, but the majority of the court held that that is a matter which they cannot control.   In other words, the Federal courts are more limited in regard to juries than are the local courts, the local constitutions not containing that provision about preserving common-law remedies in their entirety.

Acting in conformity with the principle of that decision, this court now decides that it will refuse the motion for a verdict *non obstante veredicto,* and the principle will practically prevent this court from taking that step in the future in any case. There may be exceptions, I am not passing upon that, but the point involved is that, where a question of fact has been decided by a jury, all the judge can do is to send it back for a new trial. He can never pass upon the question of fact in a way that would reverse and substitute his opinion for that of the jury.   So the motion in its first aspect will have to be refused.

4. As to the second part of the motion asking for a new trial, it presents a different question. In this case there were two facts which were disputed. There was no question about the tax sale, and none practically as to the amount. The two facts in dispute were whether the party who tendered the money, which was refused by the defendant, but accepted by the registrar, was authorized to make the tender. The other was, if that was so, whether the plaintiff was bound by the with-drawal of the money which was made by someone. Those two points at least were left to the jury. The jury seems to have decided both of them in favor of the defendant, and so the question comes up, Should the court allow a new trial in a case where it has expressly left the matter to the jury to decide.?

It is true, as stated above, that the court could have decided all the facts itself, but the court for good reasons did not do that, and should it now, after it has left it to the jury, turn around and in effect disregard the verdict of the jury?

The point is not without difficulty. New authorities are brought tending to show that an agent need not be even authorized, provided what he does is not disaffirmed by the principal; and it is of course true that suing upon the act of an agent is an express ratification of the act of the agent. So that this suit by Mrs. Erwin, which is not disputed to have been brought properly by her, is an affirmance of whatever was done by the alleged agent. If the verdict of the jury was based upon that aspect of the case, it would be erroneous.

The other principle point left to the jury was as to the with-drawal of the money. It was in evidence that the money was withdrawn, and it was in evidence by the testimony of the man who, according to the documents, withdrew the money, that

he never did any such thing; that he never got the money; that he signed his name as an accommodation to the authorities, they needing some name in order to fill up their records. The court is of the opinion that the jury did not properly decide that issue; that there was not sufficient evidence for them to go on to authorize them to conclude that the money was properly withdrawn, if that was what they concluded.

5. The court takes another view of this case. It is very much afraid that the jury took a more sympathetic view of the evidence of the defendant than was warranted on account of the state of the pleadings and the state of the practice in the case. It was evident to them that the defendant was prevented from putting in evidence that he wanted to put in and had counted on putting in. It may well be that the jury gave the benefit of their sympathy to the defendant on that account. The court does not pass upon or say that this was actually so, but it certainly is a possible view of the situation, and, upon the whole, the court thinks that the verdict of the jury was against a preponderance of the evidence, and that the possibility of sympathy misleading them ought to be taken into account, to the extent at least of allowing the matter to be re-examined by another jury. The court itself does not undertake to pass any judgment *non obstante veredicto,* and, as stated above, the probability is that it never will; but on the whole it thinks that the ends of justice will be best subserved by granting a new trial. It was the defendant who was prevented from putting in his evidence, and it may very well be that his evidence would convince a new jury that he was right. The court will not speculate upon that, because it knows nothing of his evidence, but

this would show that even the defendant cannot be much injured except by the delay and expense of a new trial.

6. The court is very reluctant to set aside the verdict of a jury, and it wishes to say that the verdicts of juries during the year that this judge has been on the bench have in his opinion been uniformly correct. The court knows of very few which it thinks were not proper. There are some where the court might differ from the view the jury takes of the case, but that view, unless it is very strong, would not cause the court to set aside the verdict.

Upon the whole, in this case the court thinks there should be a new trial, and will therefore grant the second motion.